JONATHAN T. JONES, &c., v. DANIEL GILLEN, &c.

**Pleading—Conclusion of Law.**

Where a cross-petition alleges certain items of indebtedness by plaintiff to defendant, plaintiff's reply denying that he is indebted to defendant in such sum for the items specified, or in any other sum, is a mere conclusion of law, and insufficient.

**Pleading—Insufficient Reply—Cross-petition Taken as Confessed.**

Where plaintiff's reply to a cross-petition is insufficient, defendant is entitled to have his cross-petition taken as confessed.

**Judgment—Improperly Taken on Cross-petition.**

Judgment on a cross-petition is improper, where taken at the same term the cross-petition was filed, appellants not having been served with process and not having entered their appearance thereto.

APPEAL FROM BATH CIRCUIT COURT.

December 12, 1872.

OPINION BY JUDGE LINDSAY:

Without attempting an extended review of the testimony, we conclude that it is satisfactorily shown:

First. That the partnership between Gillen and Thos. F. Jones, in the cattle and sheep transactions, had been fully settled. One witness swears positively to facts which lead directly to this conclusion, and the negative testimony to the contrary is not sufficient to overturn his direct and positive statements.

Second. That Thos. F. Jones was not a partner with Gillen in the two mule speculations, and that any claim he may have growing out of the profits realized in these transactions is against his father, Jonathan Jones, and not against Gillen.

Third. That the purchase of the land from Collins was made pursuant to an agreement between Thos. F. Jones and Gillen, that the title should have been taken to them jointly instead of to Thos. F. Jones and Jonathan Jones, and that the first payment, to the extent of thirteen hundred dollars, was made with the money of Gillen.

To the extent that the judgment appealed from is consistent with these conclusions, it is approved.

By the seventh paragraph of Thos. F. Jones's cross-petition he claims $105.00 for a mule sold and delivered to Gillen, November 1, 1867.

By the eighth he claims $144.00 for personal services rendered. And by the ninth he claims $35.00 for mules, paid out for Gillen.

Gillen's reply does not sufficiently controvert either one of these paragraphs to put Jones upon the proof. He denies that he is indebted to Jones in the sum of $105.00 with interest, for a mule bought of him, or in any other sum.

He denies that he owes him $144.00 for services or that he owes him $35.00 for money paid out as expenses. These denials are mere conclusions of law, and are wholly insufficient. (*Haggard v. Hay's Adm'r*, 13 B. Monroe 175.) It is not denied that the mule was bought at the alleged price, nor is it claimed that such price has been paid. It is not denied that the personal services were rendered, nor that they were worth the amount charged; nor is it denied that the amount claimed was paid out as expenses; nor is it alleged that either of said amounts have been paid. Jones was entitled to have had each one of these paragraphs taken for confessed.

The tenth paragraph of appellant's cross-petition is as defective as the reply, and was properly stricken out.

The amended cross-petition of Collins was filed at the same term of the court at which the judgment was rendered. Appellants were not served with process and did not enter their appearance to such cross-petition. The judgment thereon was therefore improper.

For the reasons and to the extent herein indicated the judgment is reversed and the cause remanded for further proceedings consistent with this opinion. The parties should be allowed a reasonable time to cure their defective pleadings by amendments.

*Nesbitt, Cudgell, for appellants.*

*Reid & Stone, for appellees.*